UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DANIEL CLARKE SUMMERS,

          Petitioner,        3:14-cv-00390-SU

        v.             FINDINGS AND
                      RECOMMENDATION

MARION FEATHER,

          Respondent.

SULLIVAN, Magistrate Judge.

     Petitioner is a federal inmate housed by the Bureau of Prisons at Federal Correctional Institute, Sheridan, serving a 262 month sentence imposed by the United States District Court for the Western District of Washington. Petitioner has filed a Motion for Expedited Grant of Habeas Corpus Relief or, In the Alternative, Immediate Conditional Release. The Court ordered respondent to file a Response within five days which was done. Petitioner filed a Reply.

1 - FINDINGS AND RECOMMENDATION

BACKGROUND

Petitioner was convicted of one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and one count of possession of an illegal weapon (unregistered sawed off shot-gun) in violation of 26 U.S.C. § 5861(d) and 5871.  The court determined that petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA") and determined that petitioner was subject to a mandatory 15-year minimum sentence because he had three or more prior convictions for violent felonies. Three of petitioner's five qualifying Washington state convictions were for Second Degree Burglary.

On June 13, 2005, petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence based on challenges to his ACCA predicates under *United States v. Booker*, 543 U.S. 220 (2005).  The Western District of Washington denied the § 2255 motion on September 20, 2005.

On March 10, 2014, petitioner filed a petition for habeas corpus relief in this court under 28 U.S.C. § 2241, invoking the § 2255(e) "escape hatch" or  "savings clause" to challenge his sentence on the grounds that  he was erroneously classified as an armed career criminal under the ACCA for purposes of calculating his sentence. Specifically, petitioner argues that based on an intervening

2 - FINDINGS AND RECOMMENDATION

change in the law in *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *Begay v. United States*, 553 U.S. 137 (2008), his prior Washington State convictions for Second Degree Burglary no longer support his sentencing enhancement based on the ACCA. Petitioner now requests expedited consideration based upon recent case law in the United States Supreme Court and the Ninth Circuit, including *Johnson v. United States*, No. 13-7120, 2015 WL 2473450 (U.S. June 26, 2015), *United States v. Wilkinson*, 589 F.App'x 348 (9th Cir.2014), and *United States v. Snyder*, 5 F.Supp 3d 1258 (D.Or. 2014).

LEGAL STANDARDS

I.  Escape Hatch jurisdiction

    Generally, all motions to contest the legality of a sentence must be filed under § 2255.  *Marreno v. Ives,* 682 F.3d 1190, 1192 (9th Cir. 2012); *Hernandez v. Campbell,*  204 F.3d 861, 864 9th Cir. 2000).  The exception to this rule arises when § 2255 is considered "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Harrison v. Ollison,*  519 F.3d 952, 956 (9th Cir. 2008). This exception is known as the "escape hatch" or the "savings clause" provision under § 2255, and allows inmates to challenge the imposition of a sentence under § 2241. *Hernandez*, 204 F.3d at 864 n. 2.

The reviewing court must first conduct an analysis of whether a § 2241 escape hatch petition has been properly filed by determining if the petitioner has established: 1) that he is "actually innocent" of his convicted crimes; and 2) that he has not had an "unobstructed procedural shot" at presenting his claims to the sentencing court. *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012)(*citing Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)).

II.   The Armed Career Criminal Act (ACCA)

Pursuant to the ACCA, a defendant with three prior convictions for violent felonies or serious drug offenses faces a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e).

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

The ACCA has three tests to determine whether a prior conviction is a violent felony.  First the court asks whether the prior crime requires proof that the defendant used, attempted to use, or threatened to use physical force

4 - FINDINGS AND RECOMMENDATION

against another person. 18 U.S.C. § 924(e)(2)(b)(I), the "force clause." If the crime does not include an element of force, the sentencing court determines whether the elements of the prior crime match the elements of one of the ACCA's list of "generic" crimes: burglary, arson, extortion, or crimes involving explosives. "To determine whether a past conviction is for one of those crimes, courts use what has become known as the 'categorical approach:' They compare the elements of the statute forming the basis of the defendants conviction with the elements of the 'generic' crime - - i.e., the offense as commonly understood." <u>Descamps v. United States</u>, 133 U.S. S.Ct. 2276, 2281 (2013). If the prior convictions do not qualify under the categorical approach, these convictions may still be considered under the "modified categorical approach."

If the prior crime is not a generic crime, the sentencing court determines whether the prior crime "otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. §924(e)(2)(B)(ii). This is the ACCA's "residual clause."

DISCUSSSION

I. <u>Escape Hatch Jurisdiction</u>.

Respondent concedes that "[s]entences that exceed the otherwise applicable statutory maximum for a crime are fundamentally defective and merit savings clause relief when

5 - FINDINGS AND RECOMMENDATION

the other conditions have been met." (citing *Bryant v. Warden*, 738 F.3d 1253). Response to §2241 Habeas Petition (#19), p. 7.  Thus, an improper ACCA sentence enhancement satisfies the actual innocence requirement of escape hatch jurisdiction because the  petitioner is actually innocent of being a career offender. *See*, *Harris v. District Court for Southern Indiana*, 989 F. Supp 2d 1088 (D. Or. 2013)(*citing Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013)).

If a petitioner is actually innocent of his sentence, he must still demonstrate that he did not have an unobstructed procedural shot at presenting his argument.  In determining this issue, courts consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in a way relevant to petitioner's claim after the first § 2255 motion." *Harris*, 989 F. Supp. 2d at 1094 (*quoting  Alaimalo v. United States*, 645F.3d 1042, 1047 (9th Cir. 2011).

Petitioner's § 2255 motion was denied in 2005, prior to the decisions in the cases discussed below giving rise to petitioner's claim in this proceeding. Therefore, petitioner has never had an unobstructed procedural shot at presenting his argument.

///

II.  ACCA Analysis

It is undisputed that the "force clause" does not apply to petitioner's Second Degree Burglary convictions.

Respondent argues that petitioner's second degree burglary convictions can still be considered ACCA predicates under the "modified categorical approach" or alternatively under the residual clause of the ACCA.

In *Johnson v. United States*, No. 13-7120, 2015 WL 2473450 (U.S., June 26, 2015) the Supreme Court held that the residual clause is void for vagueness. Therefore, respondent's "residual clause" argument is no longer viable.[1]

Therefore, the sole issue before the court is whether a conviction under Washington's Second Degree Burglary statute constitutes a "generic burglary", or otherwise qualifies for enhancement under the "modified categorical approach."

---

[1]Respondent suggests that the *Johnson* decision may not apply retroactively to cases on collateral review. *See*, Response to Show Cause (#34) p. 4.  "A rule is substantive . . . if it alters the range of conduct or the class of persons the law punishes. Rules that regulate only the manner of determining the defendant's culpability are procedural." United States v. Siegelbaum, 359 F.Supp.2d 1104, 1107 (D. Or. 2005) (*citing,* Schriro v. Summerlin, 124 S.Ct. 2519, 2523 (2004)).  New substantive rules generally apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal" or faces a punishment the law cannot impose on him. *Id*. (internal citations and punctuation omitted). Under these principles the *Johnson* rule is clearly substantive and retroactive application is not an issue.

At the time of petitioner's Second Degree Burglary convictions, the Washington State statute, RCW 9A.52.030, provided as follows:

> A person is guilty of burglary in the second degree if, with intent to commit a crime against a person  or property therein, the person enters or remains unlawfully in a building other than a vehicle.

*See, State of Washington v. Lira*, 726 P.2d 1015, 1016 (Wash. Ct. App. 1986).  For ACCA purposes, the Supreme Court defines generic burglary as an "'unlawful or unprivileged entry into, or remaining in a building or structure, with intent to commit a crime.'" *Descamps,* 133 S.Ct. at 2283 (*quoting Taylor v. United States,* 495 U.S. 575, 599 (1990)).

Making the categorical comparison, the elements of the Washington burglary statute appear to match the elements of generic burglary.  However, Washington defines "building" as follows:

> Building, in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building.

RCW 9A.04.110(5); *Id.*

Because of the broader definition of "building," burglary under the Washington statute is not generic burglary. *See, United States v. Wenner*, 351 F.3d 969 at 972

(9th Cir. 2003) ("Some things that are dwellings under Washington law (*e.g.* fenced areas, railway cars, and cargo containers) are not buildings or structures under federal law, and so cannot support a conviction for generic 'burglary[.]'").

The categorical approach generally prohibits the sentencing court from considering "the specific conduct that resulted in the conviction or the circumstances under which the crime was committed." *Aguilar-Turcios v. Holder*, 740 F.3d 1294, 1300 (9th Cir. 2014). In a few cases, however, the sentencing court may use the so-called modified categorical approach, which allows the court to go beyond the statute itself and examine "certain documents in the record or judicially noticeable facts." *Aguilat-Turcios*, 740 F.3d at 1301. The modified categorical approach applies only if the underlying criminal statute is "divisible," listing elements in the alternative and in effect creating alternative versions of the crime. *Descamps*, 133 S.Ct. at 2284.

The modified categorical approach is a tool "to identify, among several alternatives, the crime of conviction so that the court can compare it to the generic offense." *Id*. at 2285 (footnote omitted).

In *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014), the
Ninth Circuit clarified that the test for determining
whether a statute is divisible or indivisible is whether the
alternatives are "elements" of the offense that must be
alleged, proved to the jury, and agreed upon unanimously by
proof beyond a reasonable doubt: "Any statutory phrase that
- explicitly or implicitly - refers to multiple, alternative
means of commission must still be regarded as indivisible if
the jurors need not agree on which method of committing the
offense the defendant used." *Id*. at 1085.  Elements are
"those  circumstances on which the jury must unanimously
agree," while "means" are "those circumstances on which the
jury may disagree yet still convict." *Id*. at 1086.  The
court made clear that the test does not rest on the
statute's syntax.  It does not matter that the statute
includes a list of alternatives (like "gun, knife, or tire
iron") rather than a single, indeterminate term (like
"weapon").  *Id*. at 1085.  If the law does not require jury
members to agree on which of the listed alternatives
applies, then the statute is indivisible. *Id*. at 1088.

In *Rendon*, the court applied the test to California's
second degree burglary statute, which prohibited entry "with
intent to commit grand or petit larceny or any felony."*Id*.
at 1089. The court emphasized that the phrasing of the

statute did not answer the relevant question: "[T]he fact that section 459 contains two types of offenses preceding an "or" and a general category of offenses following the 'or' is in itself of no significance." *Id*. at 1090.  Instead the court looked to state law, which did not require jurors to agree regarding the particular offense the defendant intended to commit.  On that basis, the court held that the statute was indivisible because it merely listed three alternative means to prove the single intent element of second degree burglary. *Id*.; see also*, United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1137 (9th Cir. 2014)(holding that non-consent element of Oregon's sexual abuse statute, encompassing both factual lack of consent and lack of consent due to incapacity, was indivisible because the jury did not have to agree on a particular theory of non-consent to convict).

    Washington case law is clear that "building" is a single element of second degree burglary and does not encompass separate, alternative crimes. *See*, e.g., *State v Ponce*, 166 Wash. App. (2012) ("the first element of second degree burglary the State was required to prove [was] that the defendant entered or remained unlawfully in a building"); *State v. Johnson*, 132 Wash. App400, 406 (2006) ("Second degree burglary includes an element of unlawfully

entering or remaining in a building."); *State v. Soto*, 45 Wash. App. 839, 841 (1986) ("Second degree burglary requires the following elements: The actor must, with the intent to commit a crime against a person or property therein, enter or remain unlawfully in a building"); *State v. Bergerson*, 38 Wash. App. 416, 419 (1984) ("The essential elements of second degree burglary are: 'with intent to commit a crime against a person or property therein,' one 'enters or remains unlawfully in a building other than a vehicle").

The Washington Pattern Instructions - Criminal (WPIC) 60.04 provides that one of the elements of second degree burglary is "That on or about (date), the defendant entered or remained unlawfully in a building [other than a dwelling][.]"

The statute defining building lists different types of structures that satisfy that element of the offense, but as a matter of state law, jurors need not agree on definitional alternatives. *State v. Linehan*, 147 Wash.2d 638 (2002). Washington courts have repeatedly rejected the contention that jurors must agree on alternatives contained within definitional statutes. *See*, e.g. *State v. Laico*, 97 Wash. App. 759 (1999); *State v. Strohm*, 75 Wash. App. 301, 309 (1994); *State v. Garvin*, 28 Wash. App. 82, 85 (1980).

In addition, the Washington state pattern instruction defining building does not instruct jurors that they must unanimously agree on the type of structure entered to convict a defendant of second degree burglary. WPIC 2.05

In *United States v. Snyder*, 5 F. Supp. 3d 1258 (D. Or. 2014), Judge Panner held that convictions under the Oregon second degree burglary statute, which is substantially identical to the Washington statute at issue in this case, were categorically not predicates under the ACCA. *See also*, *United States v. Wilkenson,* 589 F. App'x348, 350 (9th Cir. 2014)(vacating ACCA sentence based on overbreath of Washington residential burglary statute)[unpublished opinion].  Judge Panner examined the Oregon second degree burglary statute and concluded  "building" is a single indivisible element of second degree burglary, with alternative means of commission, and held that the statute is not divisible. *United States v. Snyder*, 5 F.Supp. 3d 1258 (2014). The government appealed the *Snyder* decision and has asked this court not to follow Judge Panner's lead. However, I recommend reaching the same conclusion in this case.

The Washington statute of conviction sets out a single offense of second degree burglary that requires unlawful entering or remaining "in a building."  The definition of

"building," provides alternative means of committing that crime, but does not define functionally separate crimes. Therefore the statute is indivisible.

Because the factual inquiries appropriate under the modified categorical approach apply only to divisible statutes, those considerations should not be applied here.

Petitioner's non-generic burglaries do not properly form the basis for ACCA sentencing enhancement. With the residual clause no longer applicable, petitioner has established a sentencing innocence claim (ie. that he is innocent of the ACCA enhanced sentence) and is serving an illegal sentence under the ACCA in violation of the Due Process Clause.

Petitioner's Petition (#2) should be allowed. Petitioner's sentence should be vacated and this case remanded to the United States District Court for the Western District of Washington for re-sentencing.

Petitioner requests "immediate conditional relief" on the grounds that he has "already served over 14 years for an offense that carried a statutory maximum sentence of 10 years." Reply to Governments Response(#23) p. 27.

Petitioner was convicted of two counts of firearms violations, each of which carried a statutory maximum sentence of 10 years. Petitioner contends that "[U]nder the Guidelines, the sentencing court was required to impose the

14 - FINDINGS AND RECOMMENDATION

sentences on the two closely-related counts in this case concurrently. U.S.S.G. § 3Di.2(d); U.S.S.G. § 5G1.2(b) and (c)." Id.

Under the guidelines it is not clear what is "required" in this case. It is not within the province of this court to determine what petitioner's sentence would be without the invalid enhancement.  The sentencing court should recalculate petitioner's offense level and criminal history range without regard to the ACCA enhancement and sentence petitioner accordingly.

Thus, although I find that petition's claim raises a substantial question and that there is a high probability of success on the merits *of his ACCA claim*, his success on the merits of that claim will not necessarily result in his immediate release.

The sentencing court should determine whether petitioner's release pending appeal or other proceedings is appropriate.

SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a

copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to _de novo_ consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should either party appeal, a certificate of appealability should be allowed.*

DATED this 14th day of July, 2015.

/s/ Patricia Sullivan
_____
Patricia Sullivan
United States Magistrate Judge